UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

FRANK MANFRED II,

    Plaintiff,

v.

VISION CREDIT SOLUTIONS, LLC,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, FRANK MANFRED II, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, VISION CREDIT SOLUTIONS, LLC, is a limited liability corporation and citizen of the State of New York with its principal place of business at Suite 6, 4244 Ridge Lea Road, Amherst, New York, 14226.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

> January 6, 2009 – Pre-recorded Message
> This message is an attempt to resolve a very important matter that has been pending for quite some time. I have given ample opportunity for you or your legal representative to contact me and to this point you have not done so. If your intention is to prevent this from moving further, I need Frank Manfred to contact Ms. Chambers today. When calling refer to docket number 18126. I can be reached at 1-877-572-7572. Again, I need Frank Manfred to contact Ms. Chambers today 1-877-572-7572 in reference to docket number 18126. Thank you.

<u>January 13, 2009 – Pre-recorded Message</u>
This message is an attempt to resolve a very important matter that has been pending for quite some time. I have given ample opportunity for you or your legal representative to contact me and to this point you have not done so. If your intention is to prevent this from moving further, I need Frank Manfred to contact Ms. Chambers today. When calling refer to docket number

<u>January 28, 2009 – Pre-recorded Message</u>
This message is an attempt to resolve a very important matter that has been pending for quite some time. I have given ample opportunity for you or your legal representative to contact me and to this point you have not done so. If your intention is to prevent this from moving further, I need Manfred, Frank, to contact Ms. Chambers today. When calling refer to docket number 18126. I can be reached at 1-877-572-7572. Again, I need Manfred, Frank, to contact Ms. Chambers today at 1-877-572-7572 in reference to docket number 18126. Thank you.

<u>January 29, 2009 – Pre-recorded Message</u>
This message is an attempt to resolve a very important matter that has been pending for quite some time. I have given ample opportunity for you or your legal representative to contact me and to this point you have not done so. If your intention is to prevent this from moving further, I need Manfred, Frank, to contact Ms. Chambers today. When calling refer to docket number --

<u>February 17, 2009 – Pre-recorded Message</u>
This message is an attempt to resolve a very important matter that has been pending for quite some time. I have given ample opportunity for you or your legal representative to contact me and to this point you have not done so. If your intention is to prevent this from moving further, I need Manfred, Frank, to contact Ms. Chambers today. When calling refer to docket number --

<u>February 25, 2009 – Pre-recorded Message</u>
-- moving further. I need Manfred, Frank, to contact Ms. Chambers today. When calling refer to docket number --

<u>February 26, 2009 – Pre-recorded Message</u>
This is a required notice in accordance with state and federal regulations. Understand this call is not a sales solicitation. I have a very private and confidential matter to discuss with you concerning a returned item from your checking account. This complaint is attached with your name and social

security number. It is imperative that you return this call before further actions are recommended to proceed within your jurisdiction. My name is Joseph Strauss and the number to my department is 1-877-572-7572. When calling please reference your claim number 18126. Again, this is Joseph Strauss and I can be reached at 1-877-572-7572 in reference to claim number 18126. Thank you and have a nice day.

<u>April 23, 2009 – Pre-recorded Message</u>
This message is an attempt to resolve a very important matter that has been pending for quite some time. I have given ample opportunity for you or your legal representative to contact me and to this point you have not done so. If your intention is to prevent this from moving further I need Manfred, Frank to contact Ms. Chambers today. When calling refer to docket number.

<u>April 29, 2009 at 10:55 AM – Pre-recorded Message</u>
This is a required notice in accordance with state and federal regulations. Understand this call is not a sales solicitation. I have a very private and confidential matter to discuss with you concerning a returned item from your checking account. This complaint is attached with your name and social security number. It is imperative that you return this call before further actions are recommended to proceed within your jurisdiction. My name is Joseph Strauss and the number to my department is 1-877-572-7572. When calling please reference your claim number.

<u>April 29, 2009 at 12:08 PM – Pre-recorded Message</u>
This message is an attempt to resolve a very important matter that has been pending for quite some time.  I have given ample opportunity for you or your legal representative to contact me and to this point you have not done so.  If your intention is to prevent this from moving further I need Manfred, Frank to contact Ms. Chambers today.  When calling refer to docket number.

<u>May 11, 2009 – Pre-recorded Message</u>
This is a required notice in accordance with state and federal regulations. Understand this call is not a sales solicitation. I have a very private and confidential matter to discuss with you concerning a returned item from your checking account. This complaint is attached with your name and social security number. It is imperative that you return this call before further actions are recommended to proceed within your jurisdiction. My name is Joseph Strauss and the number to my department is 1-877-572-7572. When calling please reference your claim number.

May 12, 2009 – Pre-recorded Message
This is a required notice in accordance with state and federal regulations. Understand this call is not a sales solicitation. I have a very private and confidential matter to discuss with you concerning a returned item from your checking account. This complaint is attached with your name and social security number. It is imperative that you return this call before further actions are recommended to proceed within your jurisdiction. My name is Joseph Strauss and the number to my department is 1-877-572-7572. When calling please reference your claim number 18126. Again, this is Joseph Strauss and I can be reached at 1-877-572-7572 in reference to claim number 18126. Thank you. Have a nice day.

May 13, 2009 – Pre-recorded Message
This message is an attempt to resolve a very important matter that has been pending for quite some time.  I have given ample opportunity for you or your legal representative to contact me and to this point you have not done so.  If your intention is to prevent this from moving further I need Manfred, Frank to contact Ms. Chambers today.  When calling refer to docket number.

May 18, 2009 – Pre-recorded Message
This message is an attempt to resolve a very important matter that has been pending for quite some time.  I have given ample opportunity for you or your legal representative to contact me and to this point you have not done so.  If your intention is to prevent this from moving further I need Manfred, Frank to contact Ms. Chambers today.  When calling refer to docket number.

June 1, 2009 – Pre-recorded Message
This message is an attempt to resolve a very important matter that has been pending for quite some time.  I have given ample opportunity for you or your legal representative to contact me and to this point you have not done so.  If your intention is to prevent this from moving further I need Manfred, Frank to contact Ms. Chambers today.  When calling refer to docket number 18126 I can be reached at 1-877-572-7572.  Again I need Manfred, Frank to contact Ms. Chambers today at 1-877-572-7572 in reference to docket number 18126.  Thank you.

July 27, 2009 – Pre-recorded Message
This is a required notice in accordance with state and federal regulations.  Understand this call is not a sales solicitation.  I have a very private and

confidential matter to discuss with you concerning returned item from your checking account. This complaint is attached with your name and social security number. It is imperative that you return this call before further actions are recommended to proceed within your jurisdiction. My name is Joseph Strauss and the number to my department is 1-877-572-7572. When calling in, please reference your claim number 18126. Again, this is Joseph Strauss and I can be reached at 1-877-572-7572 in reference to claim number 18126. Thank you. Have a nice day.

11.   Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12.   The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.   Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14.   Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15.   Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

6

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18. Plaintiff incorporates Paragraphs 1 through 17.

19. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See <u>Foti v. NCO Fin. Sys</u>., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs</u>., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20. Plaintiff incorporates Paragraphs 1 through 17.

21. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name, that it is a

debt collector, and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

22.    Plaintiff incorporates Paragraphs 1 through 17.

23.    Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

24.    Plaintiff incorporates Paragraphs 1 through 17.

25.    Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26.    Plaintiff incorporates Paragraphs 1 through 17.

27.    Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose

of its communications and its name when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's practices violate the FCCPA;

    d.    permanently injoining Defendant from engaging in the complained of practices; and

    e.    Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28.    Plaintiff incorporates Paragraphs 1 through 17.

29.    By failing to disclose that it is a debt collector, its name and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

30. The FCCPA provides for equitable relief including injunctive relief. <u>Berg v. Merchs. Ass'n Collection Div</u>., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's practices violate the FCCPA;

    d. permanently injoining Defendant from engaging in the complained of practices; and

    e. Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff incorporates Paragraphs 1 through 17.

32. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

      b.    a declaration that Defendant's calls violate the TCPA;

      c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

      d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/ Donald A. Yarbrough
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658