UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-60620-Civ-Cohn/Seltzer

FRANK MANFRED,

    Plaintiff,

v.

VISION CREDIT SOLUTIONS, LLC,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT AND MEMORANDUM OF LAW

Plaintiff, Frank Manfred, files his Motion for Default Final Judgment, and in support thereof, states:

1. On October 7, 2010, the Court entered a default against Defendant, (DE 9).

2. As a result of the default, the well-pleaded allegations are taken as true and Plaintiff is the prevailing party in this action against Defendant.

3. Pursuant to §1692k(a)(2)(A) of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), Plaintiff is entitled to recover statutory damages in the amount of up to $1,000.00 from Defendant, for Defendant's violations of the FDCPA plus costs, attorney's fees and post Judgment interest as provided for by law. 15 U.S.C. §1692k.

4. The FDCPA also provides for actual damages, however, Plaintiff does not seek actual damages.

## **FAILURE TO INFORM THAT THE CALLS WERE FROM A DEBT COLLECTOR VIOLATES 15 U.S.C. §1692e(11)**

5.  The FDCPA prohibits: "the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. §1692e(11). Defendant has violated the FDCPA by failing to disclose in its telephone messages to Plaintiff that it was a debt collector. <u>Foti v. NCO Fin. Sys</u>., 424 F. Supp. 2d 643, 668-70 (S.D.N.Y. 2006).

6.  In finding summary judgment for the Plaintiff on this same issue, United States District Judge William P. Dimitrouleas stated, "The provisions of the FDCPA are clear that in initial or subsequent communications, it must be disclosed that the communication is from a debt collector." <u>Drossin v. Nat'l Action Fin. Servs.,</u> 641 F. Supp. 2d 1314, 1319 (S.D. Fla. 2009).

7.  In <u>Belin v. Litton Loan Servicing</u>, 2006 WL 1992410, *5, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006), Judge Bucklew wrote: "the court finds that the messages left on Ms. Belin's answering machine constitute communications that can support a violation of 15 U.S.C. § 1692e(11)." In another case involving telephone messages which the caller failed to state it was a debt collector the court granted summary judgment for the consumer on her claims that the debt collector's telephone messages violated 15 U.S.C. §§1692e(11). <u>Leyse v. Corporate Collection Servs</u>., 2006 WL 2708451, *4 and *6, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y., Sept. 18, 2006).

8.      Thus Defendant's 16 telephone messages left for Plaintiff which failed to inform that the call was from a debt collector violated 15 U.S.C. §1692e(11). ¶10 Complaint. (DE 1).

## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF THE PURPOSE OF ITS CALL VIOLATES 15 U.S.C. §1692d(6)

9.      The FDCPA enumerates as a violation "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. §1692d(6). Courts have held this statute to require the disclosure of the debt collector's name, the purpose of the call or the nature of the callers business. *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 597 (N.D.Ga. 1982) ("'the meaningful disclosure' required by section 1692d(6) has been made if an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and *the nature of her business* and conceals no more than her real name.") (emphasis added). In the instant case, Defendant failed to state the nature of its business and purpose of its call with respect to the 16 messages.

10.     Considering telephone messages similar to those at issue here the Southern District of California held:

> The Court finds the decision in *Joseph I* to be persuasive in that "meaningful disclosure" presumably requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked. *See* Ahart §§ 2:78 (citing *Joseph I* ); 2:191 (citing *Joseph I* ). The Court concludes that defendant violated § 1692d(6) when its employees failed to disclose defendant's identity and the nature of defendant's business in the messages left on plaintiff's answering machine.

*Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp.2d 1104 (S.D.Cal. 2005) (footnote omitted).

See:  *Costa v. National Action Financial Services*, 2007 WL 4526510, *4-*5 (E.D.Cal., Dec 19, 2007).

   11.   United States District Judge Kenneth A. Marra held the following message violated 15 U.S.C. §1692d(6):

> This is Heather with Affiliated Credit Services. I would like a return call as soon as possible at 800-264-2439. Again this is Heather with Affiliated Credit Services. My number is 800-264-2439. Thank you.

The Court held:

> This voice mail fails to meet the FDCPA meaningful disclosure requirements in §1692d(6) because it does not state the nature of Defendant's business. See *Wright*, 548 F. Supp. at 597; *Hosseinzadeh*, 387 F. Supp. 2d at 1112.

*Valencia v. Affiliated Group, Inc*., 2008 U.S. Dist. LEXIS 73008 (S.D. Fla. Sept. 23, 2008).

   12.   The 11th Circuit recently affirmed a decision of the Northern District of Georgia which found the following messages violated 15 U.S.C. §1692d(6):

> One of the voice messages left for Plaintiff stated as follows: "This is an important message for Brenda Edwards. Please return this message at 1-800-381-0416 between the hours of 8 am and 9 pm Eastern Standard Time." SMF at P 9.
>
> On or about September 26, 2007, Defendant left a pre-recorded message on Plaintiff's answering machine that stated that the message was "important" but did not state the name of Defendant. SMF at PP 12-14. In early October of 2007, Defendant left a message on Plaintiff's answering machine that stated as follows: "This message is intended for Brenda Edwards.  Please contact Jennifer [last name not clear] at 1 800 381 0416, my extension is 220. When returning my call have your file number available, it's 1250740." SMF at P 15. Defendant also left a message on Plaintiff's answering machine in the middle of October of 2007 that stated as follows: "Brenda Edwards, contact Mrs. Strickland at 1-800-381-0416 extension

4

220. When returning the call have your file number available, please, 1250740." SMF at P 16.

*Edwards v. Niagara Credit Solutions, Inc.*, 586 F. Supp. 2d 1346, 1356 (N.D. Ga. 2008), affirmed by Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350 (11th Cir. 2009).

13. In the instant case, Defendant's 16 messages give only vague references to its purpose, and certainly give no indication that the purpose of the messages is to collect a debt.

14. Thus, Defendant's 16 telephone messages left for Plaintiff failed to state the purpose of the call in violation of 15 U.S.C. §1692d(6).

## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

15. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d. Defendant made 16 such violative calls to Plaintiff. In the context of a Motion to Dismiss, United States District Judge recently held that the identical conduct does state a cause of action. See Order Denying Motion to Dismiss, (DE 19) CLARKE v WELTMAN, WEINBERG & REIS CO., L.P.A. Case No.: 10-60600-Civ-Cohn/Seltzer (S. D. Fla., July 15, 2010).

## PLAINTIFF IS ENTITLED TO RECOVER STATUTORY DAMAGES FOR TELEPHONE MESSAGES WHICH VIOLATED THE FDCPA

16. In pertinent part the FDCPA provides:

> (1) any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to

5

>such person in an amount equal to the sum of–
>
>*
>
>>(2) (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

15 U.S.C. §1692k(a).

17. The Act provides further that in determining the amount to be awarded the Court is to consider:

>>(1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which the debt collector's noncompliance was intentional.

15 U.S.C. §1692k(b).

### Frequency and Persistence of Noncompliance

18. The noncompliance with the FDCPA by Defendant was persistent. Plaintiff has established that 16 of Defendant's telephone messages for Plaintiff fail to state that Defendant is a debt collector, each of those 16 messages fails to state the purpose of Defendant's call, and 16 messages were placed with an automatic telephone dialing system to which Plaintiff had not consented. Thus Defendant committed at least 48 violations of the FDCPA, warranting the imposition of maximum statutory damages of $1,000.00.

### Nature of Noncompliance

19. The nature of Defendant's noncompliance was that its telephone messages left for Plaintiff failed to inform that the call was from a debt collector in violation of 15

U.S.C. §1692e(11) <u>Foti v. NCO Fin. Sys</u>., supra; <u>Belin v. Litton Loan Servicing</u>, supra; <u>Leyse v. Corporate Collection Servs.</u>, supra.

20. Defendant also failed to make meaningful disclosure of its identity by failing to disclose its name and the purpose of its call in violation of 15 U.S.C. §1692d(6). <u>Valencia v The Affiliated Group, Inc</u>., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.,</u> 387 F. Supp. 2d 1104 (D. Cal. 2005).

21. Defendant also engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d. Defendant made 16 such violative calls to Plaintiff.

### Defendant's Noncompliance was Intentional

22. Defendant's conduct was intentional. By defaulting, Defendant has admitted that Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff. ¶27 Complaint.

23. Therefore, Plaintiff requests an award of $1,000.00 statutory damages pursuant to the FDCPA – the maximum available under the FDCPA for statutory damages. Plaintiff has not sought actual damages in this suit. Plaintiff has demonstrated that Defendant's noncompliance was persistent and intentional, the nature of Defendant's noncompliance was to leave telephone messages which did not inform that the call was

from a debt collector, and did not state the purpose of the calls nor make meaningful disclosure of Defendant's identity, and used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone to which Plaintiff had not consented. As discussed above, Defendant's 16 messages contain 48 violations of the FDCPA. Accordingly, Plaintiff has shown 48 violations of the FDCPA, which Plaintiff contends warrants entry of a judgment for the maximum of $1,000.00 provided by the FDCPA. 15 U.S.C. § 1692k(a)(2)(A). The purpose of such damages are to provide private right of action for citizens to enforce the consumer protections of the FDCPA in order to protect all consumers, not just the consumer bringing the suit. Statutory damages are not compensatory damages, they the method by which Congress has imposed a financial incentive for debt collectors to comply with the consumer protections set out in the FDCPA.

### **DEFENDANT'S TELEPHONE MESSAGES VIOLATED THE FCCPA, FLA. STAT. §559.72(9)**

24.     Defendant's telephone messages for Plaintiff violated the FCCPA by asserting "the existence of some other legal right when such person knows that the right does not exist," *i.e.* – by placing telephone calls to Plaintiff failing to disclose its name and that it is a debt collector and the purpose of its communication when leaving telephone messages for Plaintiff in violation of Fla. Stat. §559.72(9).

25.     As discussed in the foregoing section, Defendant's telephone messages failed to state that the call was from a debt collector in violation of 15 U.S.C. §1692e(11) and failed to make meaningful disclosure of Defendant's identity required by 15 U.S.C.

§1692d(6). Defendant was well aware of this requirement, but either disagreed with the law or chose to ignore it. Defendant knew that it was required to disclose both its name and that it is a debt collector in telephone messages left with consumers. ¶27 Complaint. Defendant knew of the disclosure requirements and willfully and knowingly ignored them with respect to its messages left for Plaintiff.

26.     The FDCPA was enacted in 1977. Two years before Defendant's telephone messages to Plaintiff at least three decisions, including one from the Middle District of Florida, interpreted this section of the FDCPA to require the caller to inform that the call was from a debt collector. *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 668-70 (S.D.N.Y. 2006); *Belin v. Litton Loan Servicing*, 2006 WL 1992410, *5, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006); *Leyse v. Corporate Collection Servs.*, 2006 WL 2708451, *4 and *6, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y., Sept. 18, 2006).  Also, see:  *Hosseinzadeh v. M.R.S. Associates, Inc.*, supra.

27.     Thus, Defendant knew of the consumer's right to be informed that the communication was from a debt collector when it left its messages for Plaintiff and the purpose of the communication. Defendant has thereby violated Fla. Stat. §559.72(9).

### **DEFENDANT'S TELEPHONE MESSAGES VIOLATED THE FCCPA, FLA. STAT. §559.72(7)**

28.     Defendant also violated Fla. Stat. §559.72(7) by willfully engaging in conduct the natural consequence of which is to harass by failing to disclose that it is a debt collector and the purpose of its communication, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's

cellular telephone to which Plaintiff had not consented, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7). ¶27 Complaint.

29.  Thus, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

### PLAINTIFF IS ENTITLED TO RECOVER STATUTORY DAMAGES FOR TELEPHONE MESSAGES WHICH VIOLATED THE FCCPA

(1) The FDCPA provides:

(2) Upon adverse adjudication, the defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

Applying the factors for awarding statutory damages pursuant to the FCCPA results in the conclusion reached in the foregoing section regarding the FDCPA. Plaintiff should be awarded statutory damages in the amount of $1,000.00 for Defendant's violation of the FCCPA. Plaintiff has demonstrated that Defendant's noncompliance was intentional and persistent.

### DEFENDANT'S AUTOMATED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE SERVICE VIOLATE THE TCPA

30.  Defendant violated the TCPA, by placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and or the use of an artificial or pre-recorded voice without Plaintiff's prior express consent in violation

10

of 47 U.S.C § 227 (b)(1)(A)(iii). ¶¶ 14, 15, 16, 17, and 32 Complaint. The TCPA provides for minimum statutory damages of $500.00 per violation. Defendant has admitted that its violations were willful or knowing "Defendant willfully or knowingly violated the TCPA" ¶17, Complaint. If the violations are shown to be willing or knowing the Court may treble the damages to $1,500.00 violation.

31. All of Defendant's calls to Plaintiff were placed for non-emergency purposes. ¶¶ 16, and 32, Complaint.

32. The TCPA provides for additional damages of up to $1,000 per violation in addition to the minimum damages of $500.00 per violation if the violations are "willful or knowing" 47 USCS § 227. Defendant has admitted that its violations were willful or knowing "Defendant willfully or knowingly violated the TCPA" ¶17, Complaint. Accordingly, Plaintiff requests damages under the TCPA of $24,000.00 ($1,500.00 x 16 violative calls).

33. The TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>
> * * *
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

11

47 U.S.C. §§ 227(b)(1).

The TCPA authorizes a private right of action:

> (3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 USCS § 227

The Northern District of Illinois recently imposed summary judgment against a debt collector for willful or knowing violation of the TCPA for $1,500 per violation:

> Courts may treble the damages award if the court finds that defendant's violations were committed "willfully or knowingly." 47 U.S.C. § 227(b)(3). Although neither the TCPA nor the FCC regulations define the terms "willfully or knowingly", courts have generally interpreted willfulness to imply only that an action was intentional. <u>Smith v. Wade</u>, 461 U.S. 30, 41 n.8, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983). While the TCPA does not define willful, the Communications Act of 1943, of which the TCPA is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation." In <u>Dubsky v. Advanced Cellular Communications, Inc.</u>, No. 2008 cv 00652, 2004 WL 503757, at * 2 (Ohio Com. Pl. Feb. 24, 2004), the court found that in the context of the TCPA, the term acting "willfully" means that "the defendant acted voluntarily, and under its own free will, regardless of whether the defendant knew that it was acting in violation of the statute. Defendants argue that a finding of "willfully" or "knowingly" is

>an issue for the trier of fact. Pollock v. Bay Area Credit Services, LLC, 2009 U.S. Dist. LEXIS 71169, 2009 WL 2475167 (S.D. Fla. Aug. 13 2009). In Pollock, the court found that genuine issues of material fact existed. That is not the case here. There is no dispute as to whether Defendants intentionally made the contested phone calls to Plaintiff. Defendants have put forth no facts to contest the assertion that any of the nine disputed phone calls were made willfully or knowingly. Accordingly, I find that Defendants knowingly and willfully made the phone calls.

Sengenberger v. Credit Control Servs., 2010 U.S. Dist. LEXIS 43874, 16-17 (N.D. Ill. May 5, 2010).

A Florida Circuit court has held that a Defendant willfully and knowingly violated the TCPA because it dialed the Plaintiff's telephone number with intent to deliver an unsolicited facsimile: "It is undisputed that Twins willfully and knowingly sent Ebsary these thirty seven (37) unsolicited facsimiles from February 1, 2006 to present by dialing Ebsary's fax number with intent to deliver each fax transmission sent to Ebsary" The Court imposed damages of $1,500 per violation. WILLIAM. F. EBSARY, JR.,, v. TWINS LUNCHEON, INC. d/b/a TWINS LUNCHEON,. Circuit Court, 6th Judicial Circuit in and for Pinellas County. Case No. 06-007060-CI-007. UCN:52200 6CA 007060 XX CICI. August 11, 2009. 17 Fla. L. Weekly Supp. 443a Online Reference: FLWSUPP 1706EBSA.

## INJUNCTIVE RELIEF UNDER THE TCPA

34.     As a remedy the TCPA also provides that one may bring "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation." 47 U.S.C. §§ 227(b)(3)(A). Plaintiff is entitled to injunction

13

prohibiting Defendant from continuing to place calls violative of the TCPA to Plaintiff's cellular telephone. Under similar circumstances, United States District Judge Dimitrouleas held: "Defendant is hereby enjoined from using its dialing device to call Plaintiff Cecelia Hicks's cellular phone." *Hicks v. Client Services, Inc.*, Case No.: 07-61822-Civ-Dimitrouleas/Snow (S.D.Fla., June 9, 2009), (DE 148), page 12, Order Granting Plaintiff's Motion for Summary Judgment.

35.   The *Hicks* decision is the first reported decision in the federal courts of the United States imposing liability against a debt collector for violation of the TCPA, however, since its issuance at least one other court has relied upon it. In a bench trial, tried by consent before United States Magistrate John J. O'Sullivan, Magistrate O'Sullivan stated at trial that he found the reasoning expressed in *Hicks* persuasive and entered judgment against a debt collector. *Sclafani v IC Systems, Inc.,* Case No. 09-60174-Civ-Huck/O'Sullivan (S.D. Fla., October 27, 2009).

36.   Plaintiff respectfully requests judgment of $24,000.00 ($1,500.00 x 16 violative calls) for Defendant's violation of the TCPA and a permanent injunction prohibiting Defendants from calling Plaintiff's cellular telephone.

37.   Plaintiff respectfully requests this Court retain jurisdiction in the matter of attorney's fees and costs to be awarded to the Plaintiff with Plaintiff's motion to be filed in accordance with Local Rule.

WHEREFORE, Plaintiff, Frank Manfred, respectfully requests this Court enter a Default Final Judgment against Defendant, Vision Credit Solutions, LLC, in the amount of $1,000.00 pursuant to the Fair Debt Collection Practices Act; $1,000.00 pursuant to

14

the Florida Consumer Collection Practices Act; $24,000.00 pursuant to the Telephone Consumer Protection Act, for a total of $26,000.00; and a permanent injunction from placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent, plus post judgment interest and for this Court to retain jurisdiction in the matter of Plaintiff's attorney's fees and costs.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Fort Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/Donald A. Yarbrough
> Donald A. Yarbrough, Esq.
> Florida Bar No. 015865

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-60620-Civ-Cohn/Seltzer

FRANK MANFRED,

    Plaintiff,

v.

VISION CREDIT SOLUTIONS, LLC,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 22, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              s/Donald A. Yarbrough
                                              Donald A. Yarbrough, Esq.

## SERVICE LIST

VISION CREDIT SOLUTIONS, LLC
Suite 6
4244 Ridge Lea Road
Amherst, NY 14226

Via U.S. Mail.